IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re RICHARD BELL,　　　　　　　　　　　　　　No. C 10-04885 SBA (PR)

　　　　　　　　　　　　　　　　　　　　　　　　**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AND GRANTING PETITIONER A SECOND EXTENSION OF TIME TO FILE HIS PETITION AND TO PAY THE FILING FEE OR COMPLETE HIS IFP APPLICATION**
_____/

　　　　On October 28, 2010, Petitioner, a state prisoner, filed a document with the Court in the instant case, which was opened as a habeas corpus action. On the same day the action was filed the Clerk of the Court sent a notice to Petitioner informing him that his action could not go forward until he filed with the Court a habeas corpus petition form, completed in full, within thirty days or his action would be dismissed. He was also sent another notice directing him to either pay the filing fee or filed a completed prisoner's in forma pauperis (IFP) application. The Clerk sent Petitioner a blank IFP application and told him that he must pay the fee or return the completed application within thirty days or his action would be dismissed.

　　　　In an Order dated January 25, 2011, the Court granted Petitioner an extension of time to file his petition within sixty days from the date of that Order. More than sixty days have passed, and Petitioner has not filed a petition. Nor has Petitioner paid the filing fee or completed an IFP application. Instead, Petitioner has filed a motion for appointment of counsel in this action as well as a motion for another extension of time to file a petition.

　　　　The Sixth Amendment right to counsel does not apply in habeas corpus actions. See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984). The courts have made appointment of counsel the

exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which petitioner is in no position to investigate crucial facts; and (6) factually complex cases. See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994). Appointment is mandatory only when the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations. See Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965). Such is not the case here. Accordingly, the interests of justice do not require appointment of counsel at this time, and Petitioner's request is DENIED.

As mentioned above, Petitioner has also filed a request for an extension of time to file a petition. Because the Court has denied his motion for appointment of counsel, it appears that another brief extension is warranted. Therefore, his motion for an extension of time to file a petition is GRANTED. Petitioner shall file his petition along with the filing fee or a completed prisoner's in forma pauperis (IFP) application no later than **thirty (30) days** from the date of this Order.

If Petitioner fails to file a completed § 2254 habeas petition or the requisite filing fee/IFP application form within the thirty-day deadline, this case will be closed for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. See Link v. Wabash R.R., 370 U.S. 626, 633 (1962) (pursuant to Rule 41(b), a district court may sua sponte dismiss an action for failure to prosecute or to comply with a court order); see also Malone v. United States Postal Serv., 833 F.2d 128, 133 (9th Cir. 1987) (the district court should afford the litigant prior notice before dismissing for failure to prosecute).

The Clerk shall send Petitioner a blank § 2254 habeas petition form as well as a blank prisoner IFP application form along with his copy of this Order. This Order terminates Docket no. 6.

IT IS SO ORDERED.

Dated:   4/20/11

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG

G:\PRO-SE\SBA\HC.10\Bell4885.2ndEOT-Pet.frm    2

United States District Court
For the Northern District of California

UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF
CALIFORNIA

| | |
|---|---|
| RICHARD BELL,<br><br>        Plaintiff,<br><br>  v.<br><br>/ et al,<br><br>        Defendant.           / | Case Number: CV10-04885 SBA<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 25, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard Bell J-24297
California Men's Colony East State Prison
P.O. Box 8101
San Luis Obispo, CA 93409-8101

Dated: April 25, 2011

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk

G:\PRO-SE\SBA\HC.10\Bell4885.2ndEOT-Pet.frm